**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **ROZENA BRENT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:05cv1054** |
| | ) | |
| **JO ANNE BARNHART,** | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Rozena Brent appeals from a denial of Supplemental Social Security Income ("SSI") benefits, pursuant to 42 U.S.C. § 405(g). Brent, having exhausted her administrative remedies, filed this action for judicial review. On April 10, 2006, the parties filed cross-motions for summary judgment. The matter was referred to a Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636. The Magistrate Judge found that substantial evidence supported the ALJ's decision to deny Brent's application for SSI benefits. On August 4, 2006, Brent filed three objections to the Magistrate Judge's Report. Addressed here is the validity of these objections.

## I.

Brent is a 44 year-old individual who alleges that she became disabled on March 9, 2000, as the result of a major depressive disorder.[1] From 1983 to 1999, Brent was employed as a cab company dispatcher, administrative clerk for a cab company, and law clerk/legal secretary for a

---

[1]While Brent initially claimed that she became disabled on January 1, 1995, she amended the onset date of her disability to March 9, 2006, at her second SSI hearing.

1

law firm.  In November 1999, Brent sought mental health treatment from the Department of

Mental Health, Mental Retardation, and Substance Abuse in Arlington County, Virginia.

Thereafter, on March 16, 2000, Brent applied for SSI pursuant to Title XVI of the Social Security

Act.  The Social Security Administration denied Brent's application and her request for

reconsideration.  Then, on July 10, 2001, pursuant to Brent's request, an administrative hearing

was held at which Brent, Brent's attorney, and a vocational expert appeared.  On November 6,

2001, the Administrative Law Judge's ("ALJ") denied Brent's request for SSI finding that she

was not disabled.

On August 15, 2001, the Appeals Council of the Social Security Administration

("Appeals Council") granted review of Brent's application and remanded the case for a new

hearing.  Thus, on April 22, 2003, the ALJ held another SSI hearing.  On June 24, 2003, the ALJ

again denied Brent's application, finding that she was not disabled as defined by the Social

Security Act, 42 U.S.C. § 423(d)(1)(A).

As detailed in the Magistrate Judge's Report and Recommendation, the ALJ followed the

five-step sequential evaluation process set forth in 20 C.F.R. § 416.920.  At step one, the ALJ

determined that Brent had not engaged in substantial gainful activity since the onset date of her

disability.  At step two, the ALJ concluded that Brent's affective disorder is a severe impairment.

At step three, the ALJ determined that this medically determinable impairment does not meet or

medically equal any of the impairments described in 20 C.F.R. Part 404, Subpart P. App. 1.  At

step four, the ALJ reviewed the medical and non-medical information in the record and

determined that Brent's assertions of disability were not totally credible.  Thus, while the ALJ

concluded that Brent was unable to perform any of her past relevant work, he concluded that

Brent retained the residual functional capacity to perform light, unskilled work with a sit/stand option and limited contact with the general public.  Finally, at step five, the ALJ considered (i) Brent's age, education, past work, and residual functional capacity; (ii) the vocational expert's testimony; and (iii) the framework of Medical-Vocational Rule 202.21.  Based on his consideration of these factors, the ALJ concluded that there are a significant number of jobs in the national economy that Brent can perform; accordingly, he concluded that Brent is not disabled within the meaning of the Social Security Act.

On July 1, 2005, the Appeals Council affirmed the ALJ's decision and denied Brent's request for review.  Thus, the ALJ's decision became the final decision of the Commissioner. Thereafter, Brent filed this action for judicial review of the Commissioner's decision.

## II.

Judicial review of the Commissioner's final decision is narrow; indeed, it is limited to determining whether the decision is supported by substantial evidence and whether the ALJ applied the correct law.  42 U.S.C. § 405(g), *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  Furthermore, in conducting this review, a district court must not weigh the evidence, make credibility determinations, or substitute its judgment for the Commissioner's; instead, it must determine whether the decision is supported by "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  That is, there must be "more than a mere scintilla of evidence, but [there] may be somewhat less than a preponderance."  *Id.*  These principles, applied here, compel the conclusion that the ALJ's decision was supported by substantial evidence.

Brent argues that the ALJ's decision was not supported by substantial evidence for three

reasons.  First, Brent argues that the ALJ erred when he relied on the opinions of non-treating, non-examining sources to diminish the weight of Brent's treating source opinions.  In general, greater weight is given to a treating source's opinion if it is well-supported and not inconsistent with other substantial evidence in the record.  20 C.F.R. § 416.927(d)(2).  The latter determination, whether the opinion is inconsistent with other substantial evidence, is a judgment committed to the discretion of the adjudicator.  SSR 96-2p, 1996 WL 374188 (S.S.A.).  As the Magistrate Judge correctly found, the record provides ample support for the ALJ's decision to discount the testimony of Brent's treating sources in light of conflicting opinions and other substantial evidence.  *See Bryant v. Barnhart*, 63 Fed. Appx. 90, 95 (4th Cir. 2003) (noting that while treating source opinions are generally given greater weight, these opinions are not entitled "blind adherence where contrary evidence is proffered"); *Gibson v. Barnhart*, 50 Fed. Appx. 182, 182 (4th Cir. 2002) ("[I]f a [treating] physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.").

Second, Brent argues that the ALJ erred when he chose not to obtain the advice of medical experts after he perceived a conflict in the medical evidence.  The Social Security Regulations state that the Commissioner, before determining that the claimant is disabled, must develop a complete medical history for at least the twelve months preceding the month in which the claimant files her application.  20 C.F.R § 416.920(d)-(f).  Thus, the ALJ is free to contact physicians, psychologists, or other medical sources if the record is inadequate.  *France v. Apfel,* 87 F. Supp. 2d 484, 490 (D. Md. 2000).  But, "the ALJ does not otherwise have an obligation to obtain additional information if the record is adequate to make a determination regarding a

4

disability claim." *Id.*  As the Magistrate Judge correctly pointed out, the ALJ fulfilled his

responsibility to fully and fairly develop the record.  Specifically, the ALJ questioned Brent at

length during the administrative hearing and  evaluated a plethora of medical evidence,

including, the Residual Functional Capacity Assessment and Psychiatric Review Technique

forms; Dr. Hebda's neuropsychological valuation; Dr. Heckler's medical opinion; Dr. Barbot's

extensive progress notes; and progress notes from the Arlington Free Clinic, the Arlington

County Mental Health Center, the South County Health Center, and the Fairfax-Falls Church

Community Service Board Mental Health Adult Residential Services.  The record was adequate

for the ALJ to make a determination of Brent's disability; thus, the ALJ did not have an

obligation to obtain additional information.  *See id.*

      Finally, Brent argues that the ALJ failed to adequately consider all the evidence presented

at the hearing.  Specifically, Brent contends that the ALJ did not adequately explain why he

rejected or gave little weight to Brent's treating sources or the full testimony of the vocational

expert.  Yet, as the Magistrate Judge correctly pointed out, the ALJ's opinion confirms that he

did in fact review and assess the treating source opinions and the vocational expert's testimony.

Moreover, the ALJ specifically discussed the conclusions of the treating sources and vocational

expert and credited the conclusions that he found credible and consistent with objective medical

evidence.  *See* 20 C.F.R. §§ 404.1527, 416.927; *Hays*, 907 F.2d at 1456 (noting that it is the

responsibility of the ALJ to resolve conflicts in the evidence); *Seacrist v. Weinberger,* 538 F.2d

1054, 1056-57 (4th Cir. 1976) ("We note that is it the responsibility of the Secretary . . . to

reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of

nonpersuasion.").

For the foregoing reasons, it is **ORDERED** that the Court adopts as its own the findings of fact and recommendation of the United States Magistrate Judge, as set forth in the July 27, 2006 Report and Recommendation.

Accordingly, for these reasons, and based on a review of the record as a whole,

It is further **ORDERED** that plaintiff's motion for summary judgment is **DENIED** and defendant's motion for summary judgment is **GRANTED**.

It is further **ORDERED** that the decision of the ALJ is **AFFIRMED** and this appeal is hereby **DISMISSED**.

As this resolves all outstanding matters in this case, the Clerk is **DIRECTED** to place this matter among the ended causes.

The Clerk is further directed to send copy of this Order to all counsel of record.

_____/s/_____
T. S. Ellis, III
United States District Judge

Alexandria, Virginia
September 19, 2006